IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REGINA TAFOYA,

        Plaintiff,

v.                                                                                              CV No. 19-920 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Regina Tafoya's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 21), filed April 6, 2020; Defendant Commissioner Andrew Saul's *Brief in Response to Plaintiff's Motion to Reverse and Award Benefits, or for Rehearing, with Supporting Memorandum* (the "Response"), (Doc. 23), filed June 8, 2020; and Ms. Tafoya's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Reply"), (Doc. 24), filed June 22, 2020.

Ms. Tafoya filed an application for supplemental security income benefits on June 5, 2013, alleging disability beginning January 1, 2007. (Administrative Record "AR" 91, 198). She has since amended her onset date to June 5, 2013. (AR 956, 987-88). In her application, Ms. Tafoya claimed she was unable to work due to a mass on her pancreas, a spot on her liver, high blood pressure, fibromyalgia, migraine headaches, depression, arthritis in her back, ankle problems, and hernias. (AR 238). Ms. Tafoya's application was denied initially on November 4, 2013, and upon reconsideration on March 4, 2014. (AR 105, 119). Shortly thereafter, Ms. Tafoya requested a hearing

1

before an Administrative Law Judge ("ALJ"), which was held on August 27, 2015. (AR 59, 140).

At the hearing, ALJ Barry O'Mellin presided, and Ms. Tafoya appeared with her attorney Ed Goodman and impartial Vocational Expert ("VE") Sandra Trost. (AR 36, 59). ALJ O'Mellin issued an unfavorable decision on December 8, 2015, finding Ms. Tafoya not disabled at any time from her filing date, June 5, 2013, through the date of the decision. (AR 53). Ms. Tafoya requested review by the Appeals Council, which was denied, making ALJ O'Mellin's unfavorable decision the Commissioner's final decision for purposes of judicial review. (AR 1-2, 19). On March 6, 2017, Ms. Tafoya petitioned the United States District Court for the District of New Mexico with a request to remand ALJ O'Mellin's decision. (AR 1036-38). The Commissioner agreed and filed an Unopposed Motion to Remand, which was granted. (AR 1030-31) Ms. Tafoya's case was then remanded to the Commissioner for further proceedings. (*Tafoya v. Berryhill*, No. CV. 17-288, Doc. 20).

On remand, the Appeals Council ordered a rehearing on Ms. Tafoya's claim. (AR 1027). At the rehearing before ALJ Lillian Richter, Ms. Tafoya appeared with her attorney William Scott Rode and impartial VE Karen Provine. (AR 956, 985). On July 3, 2019, ALJ Richter issued a partially favorable decision, finding Ms. Tafoya not disabled from June 5, 2013 through January 17, 2017, and disabled from January 18, 2017 through the date of the decision. (AR 956-75). After ALJ Richter issued her decision, Ms. Tafoya directly petitioned this Court, and ALJ Richter's decision became the operative decision for review. *See* 20 C.F.R. § 404.984(a) ("[W]hen a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand....").

Ms. Tafoya, represented by her attorney Laura Johnson, argues in her Motion the following errors require remand: (1) having given great weight to the State Agency consultants, the ALJ erred by failing to account for all their moderate limitations in the decision's RFC assessment or explain why such limitations were omitted; (2) the ALJ failed to properly weigh the opinions of Ms. Tafoya's treating counselor and treating physician; and (3) the ALJ failed to perform a proper analysis required of cases where the VE reports a borderline number of jobs in the national economy. (Doc. 20 at 1-2). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ committed harmful legal error, the Court **GRANTS** Ms. Tafoya's Motion and her case is **REMANDED** to the Commissioner for further proceedings.

## I.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but

should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *See Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal*, 331 F.3d at 760 (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir.1989)) (internal quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (internal quotation marks omitted) . While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (internal citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (internal quotation marks omitted) (alteration made).

## II.     Applicable Law and Sequential Evaluation Process

A claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step

sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, the ALJ proceeds to step five of the SEP. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1); *Grogan*, 399 F.3d at 1261. At step five, the Commissioner bears the burden of showing the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## III.  Background

In her application for supplemental security income, Ms. Tafoya alleged she was limited in her ability to work due to a mass on her pancreas, a spot on her liver, high blood pressure, fibromyalgia, migraine headaches, depression, arthritis in her back, ankle problems, and hernias. (AR 238). At step one, the ALJ determined Ms. Tafoya had not engaged in substantial gainful activity since the date of her application. (AR 959). At step two, the ALJ found Ms. Tafoya had the following severe impairments: hypoxia; depression; obstructive sleep apnea; chronic obstructive pulmonary disease;

---

1.  20 C.F.R. pt. 404, subpt. P, app. 1.

morbid obesity; right trigger finger; chronic pain; right biceps tendonitis; fibromyalgia; migraines; asthma; diabetes mellitus with neuropathy; L4-5 facet arthropathy; degenerative disc disease of the lumbar spine; bicuspid aortic valve stenosis; anemia; arthralgias; fatigue; vertigo; and hypersomnia. (AR 959). At step three, the ALJ determined Ms. Tafoya's impairments did not meet or equal one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (AR 961-62). The ALJ then found Ms. Tafoya had the RFC to perform "sedentary work" with the following additional limitations:

> [She] can occasionally climb ramps and stairs, occasionally stoop, kneel, crouch, and crawl, and never climb ladders, ropes, or scaffolds. [She] should avoid exposure to unprotected heights; hazardous machinery; dust, odors, fumes, and pulmonary irritants; extreme heat; and extreme cold. [She] cannot operate a motor vehicle. [She] may require the use of a handheld assistive device for the purposes of ambulation. [She] is limited to simple, routine, and repetitive work. [She] is limited to occasional interaction with supervisors and coworkers and should have no interaction with members of the public. [She] is limited to a workplace with few changes in the routine work setting and is limited to making simple, work-related decisions. [She] can frequently reach, handle, and finger with the right upper extremity.

(AR 963).

In formulating Ms. Tafoya's RFC, the ALJ stated she considered Ms. Tafoya's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical and other evidence, as required by 20 C.F.R. § 416.929 and Social Security Ruling ("SSR") 16-3p. (AR 810). In addition, the ALJ stated she considered opinion evidence consistent with the requirements of 20 C.F.R. § 404.927. (AR 965).

In weighing the opinion evidence, the ALJ gave "some weight" to the opinions of the State Agency medical consultants, Mark A. Werner M.D. and Nancy Armstrong M.D.

(AR 967). The ALJ gave "significant weight" to the opinions of the State Agency psychological consultant, Dan Cox Ph.D., psychiatric consultant, Elizabeth Chiang M.D., and the consultative examiners, Raul Young-Rodriguez M.D. and Finian Murphy Ed.D. (AR 968-67). Conversely, she gave "little weight" to the opinion of Ms. Tafoya's counselor, Tina LeTurner M.A. LPCC, and little weight to the opinions of Ms. Tafoya's treating physicians, Daniel Stulberg M.D. and Lance Taylor M.D. (AR 969-70). Finally, the ALJ gave "significant weight" to a third-party function report completed by Ms. Tafoya's mother and "some weight" to a report completed by Ms. Tafoya's son. (AR 970-71).

At step four, the ALJ found Ms. Tafoya had no past relevant work. (AR 972). At step five, the ALJ determined Ms. Tafoya had at least a high school education and could communicate in English. (AR 817). Relying on the VE's testimony, the ALJ found that from June 5, 2013 through January 17, 2017, when considering Ms. Tafoya's age, education, work experience, and assessed RFC, she could perform other work as an addressor, table worker, and stuffer. (AR 972-73). Upon finding Ms. Tafoya was able to perform other work existing in significant numbers in the national economy, the ALJ concluded Ms. Tafoya was "not disabled," as defined by 20 C.F.R. § 416.920(g), from June 5, 2013 through January 17, 2017. (AR 972-74).

However, the ALJ found that beginning January 18, 2017, Ms. Tafoya's age category changed from a "younger individual" to an "individual approaching advanced age." (AR 972-74). Under this new age category, the ALJ concluded that, pursuant to application of Medical-Vocational Rule 201.12, Ms. Tafoya was unable to perform any work in the national economy. (AR 974). Ms. Tafoya's petition to this Court followed. (Doc. 1).

7

## IV. Analysis

Ms. Tafoya presents three arguments in her Motion before the Court. (Doc. 21). First, Ms. Tafoya asserts the ALJ erred in giving significant weight to the opinions of State Agency consultants Drs. Chiang and Cox without accounting for one of their moderate limitations in the decision's RFC or explaining its omission. *Id.* at 11-14. Second, Ms. Tafoya argues the ALJ failed to properly weigh the opinions of her treating providers Ms. LaTurner and Dr. Taylor. *Id.* at 14-20. Finally, Ms. Tafoya asserts the ALJ failed to conduct an analysis required for cases in which the VE reports a borderline number of jobs in the national economy. *Id.* at 21-22.

In response, the Commissioner urges the Court to affirm the ALJ's decision because it is error free and substantial evidence supports the ALJ's findings. (Doc. 23 at 5). Specifically, the Commissioner contends the ALJ's RFC fully accounts for Drs. Chiang and Cox's moderate limitations and narrative opinions. *Id.* at 13. Next, the Commissioner claims the ALJ reasonably gave little weight to Dr. Taylor's opinion and provided good reasons for discounting Ms. LaTurner's opinion. *Id.* at 10-11, 14-17. Finally, the Commissioner asserts Ms. Tafoya's argument that the ALJ failed to conduct the proper analysis for borderline jobs is premised on an incorrect legal standard. *Id.* at 17-20.

### A. Drs. Chiang and Cox's Opinions

Ms. Tafoya first argues the ALJ committed a fatal error by failing to include restrictions in her RFC assessment that accounted for a moderate limitation contained in Drs. Chiang and Cox's opinions. (Doc. 21 at 13). Specifically, Ms. Tafoya alleges the ALJ's RFC fails to account for Drs. Chiang and Cox's opinion that Ms. Tafoya was moderately limited in her ability to complete a normal workday and workweek without

8

interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest breaks ("ability to complete a normal workday and workweek"). *Id.* Furthermore, Ms. Tafoya argues that this moderate limitation—contained in Section I of both doctors' opinions—was not incorporated into either doctors' Section III narrative opinion,[2] in contravention of Social Security law. *Id.* Having not accounted for this limitation in the RFC assessment, Ms. Tafoya argues the ALJ was obligated to explain its omission. *Id.* at 11-13.

In his Response, the Commissioner contends the ALJ's RFC accounts for both Drs. Chiang and Cox's Section I moderate findings as well as Dr. Cox's Section III narrative RFC opinion. (Doc 23 at 13). In particular, the Commissioner maintains that the RFC's restrictions to repetitive work of simple and routine nature, with few changes in the routine setting, involving simple, work-related decisions adequately accounted for all the moderate findings in both doctors' Section I findings. *Id.* Moreover, the Commissioner insists that the ALJ is not required to adopt specific limitations from a doctor's opinion word-for-word, nor must the ALJ explicitly connect each limitation in Drs. Chiang and Cox's opinions to a particular restriction in the RFC. *Id.* at 13-14 (citing *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *Doyal*, 331 F.3d at 761).

Although it is not required that an ALJ discuss every piece of evidence, she is required to discuss, at a minimum, the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§

---

[2]. The current forms used by Social Security no longer specifically label these portions Section I and Section III. (AR 101-03, 115-17). However, the labels have been incorporated into Social Security's current disability processing program and remain in use for purposes of litigation. *See Silva v. Colvin*, 203 F. Supp. 3d 1153, 1164, n.5 (D.N.M. 2016).

404.1527(e)(2)(ii), 416.927(e)(2)(ii)). In doing so, "if the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (alteration made). Of course, it is not necessary for an ALJ to delineate the direct correspondence between a RFC finding and a specific medical opinion. *Chapo*, 682 F.3d at 1288. However, an ALJ cannot "pick and choose" through a medical opinion, "taking only the parts that are favorable to a finding of nondisability." *Id.* at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)) (internal quotation marks omitted).

As for consistency between a State Agency doctor's Section I findings and her Section III narrative explanation, the Tenth Circuit has held that where an ALJ relies on the narrative opinion for her RFC but the narrative opinion "fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the [opinion] cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015) (unpublished) (alteration made). Thus, when an ALJ relies solely on a doctor's Section III narrative, the court must analyze whether the Section III narrative "adequately encapsulates" the moderate limitations in Section I of the doctor's opinion. *Id.*; *see also Lee v. Colvin*, 631 F. App'x 538, 541 (10th Cir. 2015) ("[T]he ALJ should [not] turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III."); *but cf. Rush v. Saul*, 389 F. Supp. 3d 957, 969 (D.N.M. 2019) (holding that a State Agency doctor does not need to ensure consistency between Section III and Section I findings, and therefore an ALJ is permitted to rely on a State Agency doctor's ultimate opinion as expressed solely in the Section III RFC narrative).

In both their Section I findings, Drs. Chiang and Cox opined Ms. Tafoya had limitations in different abilities, ranging from "no significant limitations" to "moderate limitations." (AR 101-103, 115-117). Under the "sustained concentration and persistence" category, both doctors found Ms. Tafoya was moderately limited in the following abilities: carrying out detailed instructions; maintaining attention and concentration for extended periods; and completing a normal workday and workweek. (AR 101-02, 116). In her Section III narrative portion, Dr. Chiang did not provide a narrative opinion. (AR 102). On the other hand, Dr. Cox wrote Ms. Tafoya "retain[ed] the ability to understand, remember and carry out simple instructions." (AR 116).

In her RFC assessment, the ALJ delineated the following mental restrictions: simple, routine, and repetitive work; occasional interaction with supervisors and coworkers; no interaction with members of the public; a workplace with few changes in the routine work setting; and a limitation to making simple, work-related decisions. (AR 963). In analyzing Drs. Chiang and Cox's opinions, the ALJ gave "significant weight" to both opinions because they had substantial experience with the Social Security disability program, their evaluations were based on a review of the record, and their opinions were generally consistent with the objective medical findings. (AR 968). However, after "factoring in the later medical evidence and [Ms. Tafoya's] subjective complaints," the ALJ found her to be more limited. (AR 968).

Neither party contests that the ALJ's RFC properly accounts for Drs. Chiang and Cox's moderate limitations in the ability to carry out detailed instructions, and maintain attention and concentration for extended periods. *See* (Doc. 21 at 12-13) (Doc. 23 at 13). Rather, the parties dispute whether Drs. Chiang and Cox's narrative opinions accounted for their Section I moderate limitation in the ability to complete a normal

11

workday and workweek, and in turn, whether the ALJ's RFC accounted for the same moderate limitation. Notably, because Dr. Chiang failed to provide a narrative opinion, and therefore failed to account for any of her Section I moderate limitations, her opinion cannot be used to support the ALJ's RFC assessment. *See Carver*, 600 F. App'x at 619 (holding that where an ALJ relies on a State Agency consultant's narrative opinion for her RFC but the narrative opinion "fails to describe the effect that each of the Section I moderate limitations would have…or if it contradicts limitations marked in Section I, the [opinion] cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding.").

The Social Security Administration's Program Operations Manual System ("POMS") states that the ability "to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" is a work-related mental ability that is "critical for performing unskilled work" and its "requirements are usually strict." POMS 25020.010(B)(3)(i). Thus, a restriction that adequately encapsulates a moderate limitation in this area would touch on a capacity to do an activity on a sustained basis rather than the type of activity performed, such as unskilled work. *See Chapo*, 682 F.3d at 1290 n.3 (explaining that unskilled work "just account[s] for issues of skill transfer, not impairment of mental functions – which are not skills but, rather, general prerequisites for most work at any skill level").

The Commissioner argues the ALJ's RFC restrictions are greater than Dr. Cox's Section III narrative, and therefore, the RFC assessment not only accounts for Dr. Cox's narrative opinion but also both doctors' Section I findings. (Doc. 23 at 13). Yet, after surveying similar cases with comparable RFC restrictions, the Court cannot come to

such a conclusion. For example, courts have held that a restriction to unskilled work, or some variation therein, does not adequately encapsulate a moderate limitation in the ability to complete a normal workday and workweek. *See, e.g., Gonzales v. Berryhill*, No. CV 16-1225 CG, 2017 WL 5612363, at *3-*6 (D.N.M. Nov. 21, 2017) (unpublished) (finding that a RFC restriction to understanding, remembering, and carrying out simple instructions, making commensurate work-related decisions, and maintaining concentration, persistence, and pace for two hours at a time throughout an eight-hour workday did not adequately encapsulate a moderate limitation in this area); *Vienna v. Saul*, No. 2:18-CV-00783-LF, 2019 WL 4686718, at *6-7 (D.N.M. Sept. 26, 2019) (holding a State Agency doctor's Section III narrative limitation of "simple, repetitive, routine tasks" did not adequately account for a moderate limitation in this area); *Bosse v. Saul*, No. 2:18-CV-00475-LF, 2019 WL 3986046, at *7-8 (D.N.M. Aug. 23, 2019) (rejecting the Commissioner's argument that a limitation to "unskilled work" adequately accounts for a moderate limitation in this area).

Similarly, courts have held that a restriction on workplace changes or simple decisions, or some combination therein, does not adequately encapsulate a moderate limitation in the ability to complete a normal workday and workweek. *See, e.g., Peralta v. Saul*, No. CV 19-670 CG, 2020 WL 2394050, at *5-6 (D.N.M. May 12, 2020) (finding that a RFC restriction to "simple decisions with few workplace changes" did not account for a moderate limitation in this same area); *Aragon v. Berryhill*, No. CV 17-554 SCY, 2019 WL 251736, at *7 (D.N.M. Jan. 17, 2019) (finding an RFC restriction to simple work-related decisions with few workplace changes did not adequately account for a moderate limitation in this area). Taken together, these cases indicate that neither a limitation to simple, routine and repetitive tasks nor few workplaces changes and simple

13

work-related decisions adequately accounts for a moderate limitation in the ability to complete a normal workday and workweek.

The Commissioner argues that the ALJ is not required to adopt Drs. Chiang and Cox's opinions word-for-word nor is the ALJ required to provide a direct correspondence between an RFC finding and specific medical opinion. (Doc. 23 at 14). While true, the ALJ's RFC assessment must nevertheless adequately encapsulate the Section I findings. *See Lee*, 631 F. App'x at 541 ("[T]he ALJ should [not] turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III."). The Commissioner has not shown how either Dr. Cox's narrative opinion or the ALJ's RFC restrictions, while more limiting than Dr. Cox's, adequately encapsulates a moderate limitation in Ms. Tafoya's ability to sustain attendance and persist in her performance at work over the course of a normal workday and workweek without psychological interruptions. Having failed to account for Drs. Chiang and Cox's moderate limitation in the ability to complete a normal workday and workweek, the ALJ was obligated to explain why this portion of Drs. Chiang and Cox's opinions was not adopted. *See* SSR 96-8p, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted.").

In sum, the ALJ's RFC assessment did not account for Drs. Chiang and Cox's prescribed moderate limitation in the ability to complete a normal workday and workweek. As such, the ALJ was required to explain why this limitation was omitted from Ms. Tafoya's RFC assessment. The ALJ's failure to incorporate or explain the omission of this moderate limitation constitutes a harmful and reversible error requiring remand.

## V. Conclusion

For the foregoing reasons, the Court finds that the ALJ committed a harmful error when she failed to either explain or properly incorporate Drs. Chiang and Cox's Section I moderate limitation in the ability to complete a normal workday and workweek. Because the Court finds this is a harmful error, the Court will not address Ms. Tafoya's remaining arguments.

**IT IS THEREFORE ORDERED** that Ms. Tafoya's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 21), is **GRANTED** and this case is **REMANDED** for additional proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE